Orellana-Jarrin v. Garland

BIA
Verrillo, IJ
A208 893 381

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand twenty-three.

PRESENT:
> JOSÉ A. CABRANES,
> DENNY CHIN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

JOSE LUIS ORELLANA-JARRIN,
> *Petitioner,*

> v.                                                              **21-6558**
>                                                                 **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**                Ramiro Alcazar, Meriden, CT.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Keith I. McManus, Assistant Director; Spencer Shucard, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jose Luis Orellana-Jarrin, a native and citizen of Ecuador, seeks review of a September 21, 2021, decision of the BIA affirming a December 20, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Orellana-Jarrin*, No. A208 893 381 (B.I.A. Sept. 21, 2021), *aff'g* No. A208 893 381 (Immig. Ct. Hartford Dec. 20, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings for substantial evidence, and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d

2

Cir. 2018); *see* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

**I.      Agency Jurisdiction**

Orellana-Jarrin first argues that the agency lacked jurisdiction over his removal proceedings because his notice to appear ("NTA") did not include a hearing date and time.   That argument is without merit.   In *Pereira v. Sessions*, the Supreme Court held that an NTA that fails to specify a time or place of hearing as required in 8 U.S.C. § 1229(a)(1) does not stop the accrual of continuous presence required for cancellation of removal (a form of relief that Orellana-Jarrin has not sought).   138 S. Ct. 2105, 2113–16 (2018).   The Supreme Court clarified in *Niz-Chavez v. Garland*, that a subsequent hearing notice does not cure the defective NTA in that context.   141 S. Ct. 1474, 1480–86 (2021).   But *Niz-Chavez* and *Pereira* are limited to the stop-time rule for cancellation of removal and are "not properly read to void *jurisdiction* in cases in which an NTA omits a hearing time or place." *Banegas Gomez v. Barr*, 922 F.3d 101, 110 (2d Cir. 2019); *see also Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021) ("*Banegas Gomez* remains good law even after the Supreme Court's opinion in *Niz-Chavez*" because, "[a]s with *Pereira*, *Niz-Chavez*

3

focused only on the stop-time rule . . . and did not address the effect of a defective NTA on an IJ's jurisdiction."). "[A]n NTA that omits information regarding the time and date of the initial hearing is nevertheless adequate to vest jurisdiction . . . so long as a notice of hearing specifying this information is later sent to the alien." *Banegas Gomez*, 922 F. 3d at 112. Here, although Orellana-Jarrin's NTA omitted the date and time of his hearing, he does not dispute that he received a hearing notice containing this information, and he appeared at his hearings. The agency therefore had jurisdiction. *See Chery*, 16 F.4th at 986–87; *Banegas Gomez*, 922 F.3d at 112.

## II. Abandonment of Claims

Orellana-Jarrin has abandoned dispositive issues related to the denial of asylum, withholding of removal, and CAT relief, and we deny his petition for that reason. To establish eligibility for asylum and withholding of removal, Orellana-Jarrin had to show that he suffered past persecution or feared future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); *see id.* §§ 1158(b)(1)(A), (B)(i), 1231(b)(3). A "particular social group" must be "cognizable," meaning that its members share a "common immutable characteristic," the group is "defined with

4

particularity," and it is "socially distinct within the society in question." *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)).

The IJ found that Orellana-Jarrin failed to satisfy his burden for asylum and withholding of removal because, among other reasons, he did not demonstrate that his past or feared harm was on account of his membership in a cognizable particular social group or another protected ground, concluding that his proffered particular social group of "honest truck driver[s] working with corrupt truck drivers [and] not protected by corrupt police officers" was not particular or socially distinct.[1] Certified Administrative Record at 43. The BIA found that Orellana-Jarrin waived any challenge to that conclusion, and it declined to address proposed social groups that he articulated for the first time on appeal. Orellana-Jarrin does not challenge those dispositive rulings here. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (finding claim abandoned when it was not raised in petitioner's brief).

---

[1] We do not consider political opinion as a basis for relief because Orellana-Jarrin did not mention that claim on appeal to the BIA and does not raise it here. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007) (declining to consider claim not raised in briefs to this Court or the BIA).

Instead, Orellana-Jarrin repeats the argument he raised before the BIA that a particular social group consisting of members of his immediate family is cognizable. Even if that argument could be construed as challenging the BIA's decision not to reach this issue, such an argument would be without merit. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191–92 (B.I.A. 2018) (requiring asylum applicants to articulate each proposed social group to the IJ in the first instance); *see also Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015) (holding that BIA may decline to consider issue not raised before IJ).

Finally, Orellana-Jarrin's brief does not articulate a challenge to the agency's denial of CAT relief, either to the BIA's finding that he waived this claim, or to the IJ's finding that he failed to demonstrate that he was more likely than not to be tortured. Thus, he has also abandoned his CAT claim. *See Yueqing Zhang*, 426 F.3d at 541 n.1. Moreover, the BIA's waiver finding was correct because Orellana-Jarrin's brief to the BIA only challenged the IJ's jurisdiction and argued for relief based on a particular social group (which has no bearing on eligibility for CAT protection).[2]

---

[2] For the same reason, the Government is correct that Orellana-Jarrin's CAT claim is unexhausted, which is yet another reason that we do not reach it. While the Supreme Court recently held that the administrative exhaustion requirement in

For the foregoing reasons, the petition for review is DENIED.  All pending

motions and applications are DENIED and stays VACATED.

<div align="center" style="text-align:right">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>

---

8 U.S.C. § 1252(d)(1) is not jurisdictional, we cannot excuse this mandatory requirement where, as here, the Government has raised the failure to exhaust.  *See Santos-Zacaria v. Garland*, 598 U.S. 411, 419, 423 (2023) (holding that 8 U.S.C. § 1252(d)(1)'s administrative exhaustion requirement is a non-jurisdictional claim-processing rule "subject to waiver and forfeiture"); *Donnelly v. CARRP*, 37 F.4th 44, 56 (2d Cir. 2022) (explaining that "statutory exhaustion requirements are mandatory, and courts are not free to dispense with them." (alteration and quotation marks omitted)).